IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01157-GPG

DALLAS HOWARD,

    Applicant,

v.

DEBORAH DENHAM, CEO, Warden,

    Respondent.

ORDER TO FILE SUPPLEMENT TO PRELIMINARY RESPONSE

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this action, the Court ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  On June 24, 2015, Respondent filed a Preliminary Response, and on July 13, 2015, Applicant filed a Reply to the Preliminary Response.

Respondent argues in the Preliminary Response that Applicant has failed to properly exhaust his administrative remedies regarding the disciplinary proceeding at issue.  In the Reply, Applicant contends that he exhausted all the remedies available to him and was required to "restart" the remedy process when an agreement to reinstate his good conduct time was withdrawn by the BOP (Federal Bureau of Prisons). Applicant further contends that prison staff requires unreasonable time limitations in appeals causing remedies to be "unavailable."

Respondent is directed to supplement the Preliminary Response by providing to the Court all remedy complaints and appeals submitted by Applicant regarding Administrative Remedy Appeal No. 777064 and all written responses by the Regional and Central Offices.  Written responses to requests or appeals are required pursuant to 28 C.F.R. § 542.18.  If the only response is a form "Rejection Notice," then Respondent is directed to explain each notice in terms that is understandable.  The Rejection Notice provided by Applicant, ECF No. 11 at 15, is an insufficient explanation for rejection regarding rejection reasons #1 and #2.  Respondent also is directed to explain to the Court why it took from May 18, 2015, the date Appeal No. 777064-A2 was rejected, ECF No. 10 at 7, until June 4, 2015, the date the notice was delivered to Applicant, ECF No. 11 at 15, over two weeks, to provide the notice to Applicant.  Furthermore, why it took from March 13, 2015, the date Applicant signed, and conceivably gave the appeal to prison staff, ECF No. 11 at 10-11, until March 30, 2015, again over two weeks, for the appeal to be received by the Regional Office and filed in as 777064-A1, ECF No. 10 at 7.  The Rejection Notice of 777064-A1 stated that Applicant had thirty days to appeal a Regional Office decision and only allowed Applicant fifteen days to resubmit his appeal.  Given the delay in the Central Office receiving appeals and sending responses, Applicant would never be able to submit a timely appeal or resubmission, and as a result he would not be able to properly exhaust a challenge to his disciplinary proceeding.

Finally, Appeal No. 777064-R1 was rejected for not including a "full copy of [the] DHO report."  *See* ECF No. 10 at 6.  Nothing in BOP Program Statement 5270.09 § 541.8(i) or  28 C.F.R. § 542.14(d)(2) requires Applicant to attach the DHO report to a

an appeal. Furthermore, in *Pinson v. Berkebile*, No. 14-cv-00410-GPG, ECF No. 22 at 2 (D. Colo. Reopened May 6, 2015), *remanded in part on appeal*, No. 14-1336 (10th Cir. Mar. 10, 2015), Warden Berkebile claims the BOP does not require prisoners to provide a copy of a DHO report before appealing, but rather a prisoner only needs to include information that the BP-10 and BP-11 forms require. Respondent is directed to state why in this case Appeal No. 777064-R1 was rejected for failure to provide the DHO report. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a supplement to the Preliminary Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of any supplement to the Preliminary Response** Applicant may file a Reply to the supplement, if he desires.

DATED July 22, 2015, at Denver, Colorado.

BY THE COURT:
S/ Gordon P. Gallagher

_____
United States Magistrate Judge