IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01157-GPG

DALLAS HOWARD,

    Applicant,

v.

DEBORAH DENHAM, CEO/Warden,

    Respondent.

## ORDER

Applicant, Dallas Howard, is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Englewood Federal Correctional Institution in Littleton, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Applicant asserts that his due process rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974),[1] were violated in a disciplinary proceeding and he is legally and factually innocent of the charges he was found guilty of in the April 2, 2014 disciplinary hearing. Applicant also contends that he has been subjected to excessive punishment because he is an Indian, which violates his equal protection rights. Applicant seeks the reinstatement of the forty-one days of good conduct time he lost as a result of his conviction in Incident Report No. 2545006.

---

[1] The Court notes that in Applicant's administrative remedy appeal to the regional office he claimed the DHO was unfair and impartial and that he was denied a staff representative and reports. ECF No. 11 at 13.

After a review of the Application, the Court ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On June 24, 2015, Respondent filed a Preliminary Response that asserts Applicant did not exhaust his administrative remedies. See ECF No. 10 at 7. Applicant then filed a Reply on July 13, 2015, and claimed that he had exhausted his administrative remedies because he had not received a response from the Central Office within the time allowed.

The Court then, after reviewing the Preliminary Response and the Reply, directed Respondents to supplement the Response. The Court asked Respondent to provide all remedy complaints and appeals Applicant submitted in the Administrative Remedy Appeal No. 777064. ECF No. 12 at 2. Respondent also was directed to provide all written responses from the Regional and Central Office to Applicant and to explain in understandable terms what is stated on the rejection notices sent to Applicant. Id. Respondent further was directed to explain the many delays from when an inmate appeals to the regional or central office and the regional or central office receive the appeal, and from when the regional or central office responds to the appeal and an inmate receives the response. Id. Finally, the Court directed Respondent to explain why Applicant was told his appeal was rejected because he failed to submit the Disciplinary Hearing Officer's (DHO) report, when nothing in the BOP Program Statement 5270.09 § 541.8(i), or 28 C.F.R. 542.14(d)(2), requires Applicant to attach the DHO report to an appeal, and Warden Berkebile has confirmed in other cases in this Court that the BOP does not require prisoners to provide a copy of a DHO report. Id. at 2-3.

Most of the information requested by the Court was not provided by Respondent. First, Respondent has failed to provide to the Court any of Applicant's complaints or

appeals submitted to the regional or central office. ECF No. 13. In a one-line statement, Respondent refers to the declaration attached to the Supplement that he claims contains the information the Bureau has regarding complaints, appeals, and responses, which is a SENTRY Administrative remedy index. ECF No. 13-1, Attach. 1, at 8-14. Second, Respondent simply states that he is not able to explain any of the delays that occurred from when Applicant's documents were created and then were received by the regional or central offices. Finally, Respondent contends that when a rejection notice states the appeal is rejected because a DHO report is not included, it in actuality means that the inmate must provide information that confirms the disciplinary charges and the date of the DHO report that was being appealed. ECF No. 13 at 2. Court finds the only issue is whether Applicant was premature in submitting this action because he had not exhausted his remedies when he filed this action.

The Court, therefore, finds as follows.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

"The burden [is] on the government to prove the affirmative defense of exhaustion," *Acosta v. Daniels*, 589 F. App'x 870, 873 ((10th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199 (2007), which includes asserting and proving that a prisoner did not utilize administrative remedies, *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing *Jones*, 549 U.S. 199). "Once a defendant proves that [an applicant] failed to

exhaust, however, the onus falls on the [applicant] to show that remedies were unavailable to him" . . . and [an applicant] should be afforded an opportunity to counter the exhaustion defense."  *Tuckel*, 660 F.3d at 1254.

Applicant attached to his Reply the appeal he sent to the regional office in what appears to be Remedy Appeal No. 777064-R1.   ECF No. 11 at 13.   The appeal is dated April 24, 2014.   In the appeal, Applicant states he is appealing the results of a hearing that took place on April 2, 2014, which Respondent agrees is the date the disciplinary hearing took place.   *See* ECF No. 10 at 6.   Respondent does not dispute the Administrative Remedy No. 777064-R1 that Applicant has attached.   He also does not provide what other method an inmate may use to confirm the timeliness of an appeal other than stating the dates of the hearing in the appeal, which is what Applicant did.

Again, the Court notes, as it did in the July 22, 2015 Order, Bureau officials have confirmed it is not necessary for an inmate to attach a DHO report to a BP-10 or BP-11 appeals.   *Pinson v. Berkebile*, No. 14-cv-00410-RM, ECF No. 18-6 at 3 (D. Colo. Reopened May 6, 2015), remanded in part on appeal, No. 14-1336 (10th Cir. Mar. 10, 2015).   Bureau officials also assert that the sufficient information that needs to be provided in the appeal of a disciplinary matter is (1) the incident report number; (2) date of DHO hearing; and (3) disciplinary code under which sanctions were imposed.   *Id.*

The BOP administrative remedy procedure is available to federal prisoners such as Applicant.   *See* 28 C.F.R. §§ 542.10 - 542.18. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."   28 C.F.R. §  542.10(a).   Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution

4

staff as well as regional and national appeals.   See 28 C.F.R. §§ 542.13- 542.15.

Where a determination is made by a DHO, the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly to the Regional Director.   28 C.F.R. § 542.14(d)(2).   As stated above, the step after the Regional Director is a final appeal to the Central Office.   28 C.F.R. § 542.15(a).   Pursuant to 28 C.F.R. § 542.18, the general counsel must respond within forty calendar days, with an extension of twenty days.   An inmate is to be informed of an extension in writing.   See § 542.18.   If an inmate does not receive a response within the time allotted for a reply, including an extension, the inmate may consider the absence of a response to be a denial at that level.   Id.

Applicant's appeal to the central office was logged into the Administrative Remedy Index as received on March 30, 2015.   Forty calendar days from March 30, 2015, is May 9, 2015.   Respondent does not assert that written notice was given to Applicant of a required extension.   Even if a written notice were given, Respondent only  had until May 29, 2015, to respond.   This case was filed on June 2, 2015, prior to when Applicant received a response to his appeal to the central office.   Since staff is required to notify an inmate of an extension in writing and Respondent does not dispute that Applicant did not receive the rejection notice, which has an altered issue date of May 28, 2015, until June 4, 2015, the Court finds Applicant may consider the absence of a response by May 29, 2015, at the latest, to be a denial of the administrative remedy appeal at the central office level.   Applicant, therefore, has exhausted his administrative remedies.

Pursuant to D.C.COLO.LCivR 8.1(b), the Court, therefore, has determined that this case does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.   See D.C.COLO.LCivR 8.1(c).   Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and when applicable to a magistrate judge.

DATED October 24, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge